UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KENDRA L. BALDWIN,

                            Plaintiff,

     v.                                          **DECISION AND ORDER**
                                                       14-CV-513S

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                            Defendant.

---

        1.        Plaintiff Kendra L. Baldwin challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since June 28, 2011, due to depression and bursitis of both knees. Plaintiff contends that her impairments have rendered her unable to work. She therefore asserts that she is entitled to payment of Supplemental Security Income benefits ("SSI") under the Act.

        2.        On November 15, 2011, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner of Social Security denied her application on February 15, 2012. Plaintiff requested a hearing on March 8, 2012, pursuant to which ALJ Curtis Axelsen held a hearing on May 14, 2013. The ALJ considered the case *de novo*, and on August 13, 2013, denied Plaintiff's application for benefits. On May 2, 2014, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on June 30, 2014, challenging Defendant's final decision.[1]

---

[1] The ALJ's August 13, 2013 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

3. On November 10, 2014, Plaintiff filed a Motion for Judgment on the Pleadings (Docket No. 8). On March 10, 2015, Defendant filed her own Motion for Judgment on the Pleadings (Docket No. 12). This Court took the motions under advisement without oral argument. For the reasons discussed below, Defendant's motion is granted and Plaintiff's is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is evidence that amounts to "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may

support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

  6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

  7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In the present case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since June 28, 2011 (R. at 34); (2) Plaintiff had severe impairments, including bilateral knee bursitis, status post-pulmonary embolism, obesity, and depression[2] (R. at 34); (3) Plaintiff does not have an impairment or combination of impairments that meets or equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926) (R at 40-42); (4) Plaintiff had a residual functional capacity ("RFC") that included the capacity to perform sedentary work, with the exception that Plaintiff was limited to performing tasks requiring no more than two or three steps in a setting not involving extensive contact with others (R. at 42-45); and (5) Plaintiff was unable to

---

[2] The ALJ found that Plaintiff's headaches and podiatric problems were non-severe impairments. (R. at 34).

perform her past relevant work (R. at 45). The ALJ thus applied Medical-Vocational Rule 201.28 to conclude that there were jobs that Plaintiff could perform (R. at 45-46). The ALJ therefore found the ALJ found that Plaintiff was not disabled or entitled to benefits under the Act. (R. at 46).

10. Plaintiff first argues that the ALJ misapplied the treating-physician rule by not considering Dr. Kanaan's medical-source statement in determining her RFC.[3]

According to the "treating-physician rule," an ALJ must give controlling weight to the treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." See 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. Under 20 C.F.R. § 404.1527(d)(1)-(6), the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion, if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of opinion; (4) consistency; (5) specialization of treating physician; and (6) other factors that are brought to the attention of the court. See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

---

[3] Plaintiff's RFC is to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a), except that she is limited to performing tasks requiring no more than two or three steps in a setting not involving extensive contact with others. (R. at 42).

In determining Plaintiff's RFC, the ALJ cited Dr. Kanaan's medical-source statement, which consists of two documents: Dr. Kanaan's medical-source statement and physical therapist Elizabeth Storm's Functional Capacity Evaluation ("FCE"). (R. at 44, 493-98).

In his medical-source statement, Dr. Kanaan relied on Storm's FCE of Plaintiff. (R. at 495-98). The FCE was completed on April 19, 2012. (R. at 495-98). Storm completed the FCE on April 19, 2012. (R. at 495-98). During the FCE, Plaintiff reported that her pain was at the level of "10/10" throughout the preceding 30 days. (R. at 495). While being evaluated, Plaintiff self-limited lifting and walking. (R. at 495-98). Storm indicated that this behavior could be the result of psychosocial issues or an attempt to manipulate the result of the test. (R. at 498). In the end, however, Storm found that Plaintiff failed to demonstrate the ability to perform sedentary work. (R. at 44, 495-98). The ALJ rejected Storm's FCE, and in turn, Dr. Kanaan's opinion, which relied on the FCE. Specifically, the ALJ stated that "the Administrative Law Judge gives no weight to the FCE concluding that the claimant is unable to perform even sedentary work, and the subsequent medical source statement of a physician who noted that the claimant's self-limiting behavior eroded the probative value of the FCE (Exhibit 24F)." (R. at 44).

The ALJ addressed and acknowledged Dr. Kanaan's medical statement and found that Dr. Kanaan's opinion was due no weight because of other record evidence indicating that Plaintiff's self-limiting behavior eroded the probative value of the FCE, which formed the basis of Dr. Kanaan's opinion. (R. at 44). The ALJ determined that "the claimant's failure to bring her cane, choice of footwear, demonstrated ability to walk at an average pace, and refusal of emergency room care for her alleged constant

"10/10" level pain over 30 days, strongly suggests that she was exaggerating her symptoms for the purpose of manipulating the FCE." (R. at 44).

Plaintiff argues that Dr. Kanaan's opinion supports a finding that Plaintiff is disabled. It does not. Dr. Kanaan was uncertain of Plaintiff's capabilities because Plaintiff self-limited during the FCE. (R. at 493). Moreover, Dr. Kanaan determined that Plaintiff could lift up to 20 pounds. (R. at 493). Such a determination supports a finding that Plaintiff has the capacity to perform the lifting requirement of sedentary and light work, which requires lifting objects up to 10 and 20 pounds respectively. See 20 C.F.R. §§ 401.1567(a)-(b), 416.967(a)-(b). Moreover, Dr. Kanaan found that Plaintiff could manipulate her hands and raise her arms. (R. at 493). Dr. Kanaan also found that Plaintiff's mental capacity to perform work-related activities was only moderately impaired. (R. at 493). There was no marked or extreme mental limitation (R. at 493-94). Thus, Dr. Kanaan's findings do not require a finding of disability.

Consequently, for the reasons explained above, this Court finds that the ALJ properly considered and evaluated Dr. Kanaan's opinion.

11. Plaintiff next argues that the ALJ failed to undertake an individualized assessment of her ability to tolerate work-related stress. Plaintiff contends that the ALJ erred in assessing her RFC by not giving Dr. Thomas Ryan's opinion great weight. Plaintiff argues that the ALJ did not address Dr. Ryan's determination that Plaintiff had a moderate limitation in dealing with stress. Plaintiff argues that Dr. Ryan's determination is supported by evidence that Plaintiff sought help with her stress from Dr. Kalaiselvi Rajendra and was admitted to Niagara Falls Memorial Medical Center for psychiatric treatment.

Dr. Ryan determined that Plaintiff could follow and understand directions. (R. at 233). She had only a moderate limitation relating adequately with others and dealing with stress. (R. at 234). She was able to perform simple tasks, maintain attention, and could learn new tasks. (R. at 234). Further, Dr. Ryan found that Plaintiff was cooperative, her speech was fluent, and her posture and motor behavior were normal. (R. at 233). Dr. Ryan opined that Plaintiff could understand and follow simple directions, perform simple tasks, maintain attention and concentration. (R. at 234). She could maintain a regular schedule; learn new tasks, with only a mild limitation in her ability to perform complex tasks and make adequate decisions.

Contrary to Plaintiff's argument, the record reflects that the ALJ considered Dr. Ryan's opinion and in fact incorporated it by limiting Plaintiff's RFC to the performance of tasks requiring no more than two or three steps in a setting where she would not experience extensive contact with others in the process. (R. at 42-45, 234). Plaintiff's claim of error is therefore unpersuasive.

12. After carefully examining the administrative record, this Court finds that substantial evidence supports ALJ Axelsen's decision, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that ALJ Axelsen thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking similar relief.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED.

FURTHER, that the Clerk of Court shall CLOSE this case.

SO ORDERED.

Dated: July 30, 2015
       Buffalo, New York


                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge